UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACUCELA INC., <br><br> Plaintiff, <br><br> - against – <br><br> MANHATTAN VISION ASSOCIATES; STEVEN ALI and ARKADY SELENOW, individually, and as co-partners doing business as MANHATTAN VISION ASSOCIATES, a general partnership; and INSTITUTE FOR VISION RESEARCH, LLC, <br><br> Defendants. | Case No. 1:24-cv-01856-DEH <br><br> **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, taking depositions and producing documents; and

WHEREAS, those discovery proceedings may involve the production of certain information that the parties to the Litigation (the "Parties," each a "Party") believe to be confidential and sensitive research, development and commercial, financial, or business information and/or confidential intellectual property;

WHEREAS, good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Federal Rule of Civil Procedure 26(c)(1), that this Stipulated Confidentiality and Protective Order (the "Stipulation") will govern "Discovery Material" (information of any kind produced or disclosed in the course

of discovery in this action) by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation that a Producing Party has designated as "Confidential" pursuant to this Order.

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such Producing Party reasonably believes in good faith that such Discovery Material contains non-public, previously non-disclosed, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation ("Confidential Discovery Material").

2. The designation of Discovery Material as Confidential Discovery Material shall be made in the following manner:

    A. In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material.

    B. With respect to deposition transcripts and exhibits, a Producing Party or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel

receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the Producing Party or that Party's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

   C. By written notice that the Discovery Material constitutes Confidential Discovery Material.

  3. The person producing any given Discovery Material or that person's counsel may designate such material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

  4. Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected.  Prior to trial, a Producing Party may designate as Confidential Discovery Material any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential Discovery Material, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 2.  Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward.  In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery

Material before its designation as "Confidential" shall make a good faith effort to obtain the return or destruction of Discovery Material now designated as "Confidential" by any prior recipients who are not bound by this Order.

     5.     Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

         A.     The Parties and the directors, officers, employees, managers, members, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, their insurers, or counsel to their insurers;

         B.     Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

         C.     Experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation; provided such expert or consultant has first executed the form annexed as Exhibit A hereto;

         D.     Any mediator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed the form annexed as Exhibit A hereto;

    E. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the form annexed as Exhibit A hereto;

    F. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

    G. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

    H. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Confidential Discovery Material being disclosed that permits such disclosure, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

6. To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

7. Recipients of Confidential Discovery Material under this Stipulation may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Stipulation, however, will affect

or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Stipulation limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

8. Counsel for the Party showing Confidential Discovery Material to any person required to execute Exhibit A shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

9. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

10. In accordance with Rule 5 of this Court's Individual Practices, any Party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying — on a particularized basis — the continued sealing of such documents. The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

11. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

12. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel or the Party (if unrepresented by counsel) with unredacted courtesy copies of the Confidential Court Submission.

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party, or the Party (if unrepresented by counsel), a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, the Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material. The provisions of this Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material, which burden remains on the Party that designates such Discovery Material or testimony as Confidential.

14. Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the Party, or the Party (if unrepresented by counsel), a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, the Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices.

15. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

16. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

17. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification that all such information has been returned or destroyed.

18. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

19. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

20. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

21. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

22. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

23. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

24. Subject to Section 28, within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.

25. This Order will survive the termination of the Litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

26. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

27. In the event that any Confidential Discovery Material is used in open court during any court proceeding, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material.

28. Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

29. If any person subject to this Order and in possession of Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated as "Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within five business days of receipt of such Demand (or if a response to the Demand is due in less than five business days, at least 24 hours before the deadline for a response to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material on the grounds of the existence of this Stipulation.  The burden of opposing the enforcement of the Demand will fall on the Producing Party.  Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or

order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation.

30. No Receiver shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Stipulation. In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiver's attention, that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or

loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

| | |
|---|---|
| CMS LAW, PLLC | DANIEL J. AARON, P.C. |
| /s/ Michael J. Cicero<br>Michael J. Cicero, Esq.<br>CMS Law, PLLC<br>5335 Wisconsin Avenue, NW<br>Suite 440<br>Washington, DC 20015<br>(202) 251-0019<br>mcicero@cmslawdc.com | s/Daniel J. Aaron<br>Daniel J. Aaron, Esq.<br>Daniel J. Aaron, P.C.<br>125 Park Avenue<br>25th Floor<br>New York, NY 10017<br>(212) 684-4466<br>danielaaron@djaaron.onmicrosoft.com |
| Attorney for Plaintiff<br>Acucela, Inc. | Attorney for Defendants<br>Manhattan Vision Associates, Steven Ali, Arkady Selenow, and Institute for Vision Research, LLC |

SO ORDERED this    10    day of    September   , 2024.

_____
Hon. Dale E. Ho, United States District Judge

The parties are reminded that the Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACUCELA INC., <br><br> Plaintiff, <br><br> - against – <br><br> MANHATTAN VISION ASSOCIATES; STEVEN ALI and ARKADY SELENOW, individually, and as co-partners doing business as MANHATTAN VISION ASSOCIATES, a general partnership; and INSTITUTE FOR VISION RESEARCH, LLC, <br><br> Defendants. | Case No. 1:24-cv-01856-DEH |

**AGREEMENT TO BE BOUND BY STIPULATED**
**CONFIDENTIALITY AND PROTECTIVE ORDER**

I have read the Stipulated Confidentiality and Protective Order (the "Stipulation") in the above-captioned action. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Stipulation. I further agree not to disclose or use any Confidential Discovery Material (as defined in the Stipulation) for purposes other than those permitted under the Stipulation.

_____
Signature

_____
Name

_____
Affiliation

_____
Date

_____
Title